# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**DONTRELL DE'SHAY COLEMAN**                                                **PETITONER**

**V.**                                                **CIVIL ACTION NO. 5:23-cv-90-DCB-LGI**

**WARDEN HERBERT YOUNG**                                                **RESPONDENT**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

In pretrial detention since his arrest in March 2023, Dontrell Coleman petitions for writ of habeas corpus relief under 28 U.S.C. § 2241. Liberally construed, Coleman alleges that his constitutional rights to a speedy trial, and protection from unreasonable search and seizure, excessive bail, and ineffective assistance of counsel have been violated.[1] As grounds for relief, Coleman requests that his bond be lowered, and he be given a different public defender or judge. He also requests that this case be dismissed "entirely because of the injustice and poor practice by the public defender." Respondent moves to dismiss the petition for failure to state a claim upon which relief may be granted, or in the alternative, for failure to exhaust state court remedies. Upon review of the pleadings and applicable law, the undersigned recommends that the petition be dismissed.

---

[1] In a subsequent letter to the Court, Coleman alleges that he has been subjected to excessive force by prison officials, attacked by gangs, and delayed medical care while in custody. Eighth Amendment claims challenging the conditions of confinement, and not the fact thereof, however, are properly brought under 42 U.S.C. § 1983. The undersigned notes further that though Coleman's case is pending before the Circuit Court of Pike County, his return address indicates that he is being housed in the Hancock County Safety Complex in Bay St. Louis, MS.

For a court to review the claims of a state pretrial detainee under § 2241, two prerequisites must be met. The petitioner must first be "in custody" pursuant to 28 U.S.C. § 2241(c), and second, he must have exhausted his available state remedies. *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir. 1987). Although exhaustion of state remedies is not mandated for pretrial claims under § 2241, established Fifth Circuit precedent holds that the federal courts should abstain from exercising jurisdiction over pretrial habeas corpus claims if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. *Id.*

Moreover, while a pretrial detainee has the right to seek federal habeas relief, the availability of such relief is not without limits. *Braden v. 30th Jud. Cir. Ct. of Ky.,* 410 U.S. 484, 488–89 (1973). The right to seek federal habeas corpus relief under § 2241 "does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id.* at 489. To the contrary, a pretrial detainee may not derail "a pending state court proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493. The United States Supreme Court has thus drawn "an important distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Brown v. Estelle*, 530 F.2d 1280, 1280, 1283 (5th Cir. 1976) (quoting *Braden*, 410 U.S. at 490). The Fifth Circuit has held that this distinction

rests on the type of relief requested by the petitioner: If the petitioner is attempting to dismiss the indictment or prevent the prosecution of his case, then he is seeking to abort the state proceedings. *Id.* at 1282. If he is attempting to force the state to go to trial, then he is merely seeking to force the state to fulfill its obligation to provide him with a prompt trial. *Id.* "While the former objective is normally not attainable through federal habeas corpus, the latter is, although the requirement of exhaustion of state remedies still must be met." *Id.* at 1283.

At the time of filing his § 2241 petition, Coleman had been detained without indictment since March 2023. Records from his state court proceedings reflect that he filed multiple motions for speedy trial, as well as motions to reduce his bond and to dismiss the charges against him in state court. Since filing the instant petition, records show that Coleman has now been indicted, appointed counsel,[2] waived arraignment, pleaded not guilty, granted a bond reduction, and released on an appearance bond.[3] Coleman has not provided this Court with a change of address as required by the local rules, but Respondent advises that he was released from pretrial detention in April 2024, and a plea deadline and trial date have been set for September 2024.

---

[2] Liberally construed, Coleman's ineffective assistance of counsel claim in his petition arises from his allegation that his public defender did not provide adequate assistance at his preliminary hearing or in the months that followed. Although not entirely clear, state court records indicate that a new public defender was appointed in April 2024. In any event, as set forth below, Coleman must exhaust such a claim before seeking federal relief.

[3] The order specifically provides that Coleman's release on bond is conditioned on the fact that he "meet with his attorney as requested and report term to term" until his case is concluded. Though released from pretrial detention, Coleman remains "in custody" for purposes of § 2241.

3

As an initial matter, Coleman's request to have his charges dismissed fails to state a claim upon which 28 U.S.C. § 2241 relief may be granted, as it would prevent the State from following through with prosecution. Likewise, to the extent that he asks this Court to hold a bond reduction hearing or direct the state court do so,[4] "federal courts are not empowered to order the state courts to make remedies available nor are they authorized to dictate the type of hearing which is to be conducted by the state courts."[5] *Dixon v. Beto*, 472 F.2d 598, 599 (5th Cir. 1973). *Irby v. Sollie*, No. 3:14-CV-283-HTW-LRA, 2014 WL 1746854, at *3 (S.D. Miss. Apr. 30, 2014). *See also, Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981) (dismissing Petitioner's request for equitable relief based on excessive bail); *Moore v. Dretke*, 369 F.3d 844, 846 (5th Cir. 2004) (vacated and remanded district court's conditional grant of habeas relief predicated upon state court holding a hearing or commuting sentence). Nor does this Court have any authority to assign Coleman a different state court judge.

A state pretrial detainee, however, may raise a speedy trial claim under § 2241 to force the state to bring him to trial. *See Brown*, 530 F.2d at 1283 (citing *Braden*, 410 U.S. 484). The Sixth Amendment guarantees that for "all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." The right to a speedy trial is applied to the states via incorporation by the Due Process Clause of the Fourteenth Amendment. *Klopfer v. N. Carolina*, 386 U.S. 213, 222-23 (1967). Although Coleman has asserted his

---

[4] Coleman's bond-reduction claim appears to have been rendered moot by the trial court's order granting same.

[5] To the extent, however, Coleman asserts an excessive bail claim, he is required to exhaust his claim in State court before filing a federal habeas corpus petition.

4

right to a speedy trial in state court, he has not clearly asserted that right here.  Even if his petition could be construed as asserting a speedy trial, Coleman does not assert, nor does the record reflect, "special circumstances" warranting pretrial, pre-exhaustion habeas corpus relief during his state court proceedings.  The constitutional right to a speedy trial does not qualify as "a per se 'special circumstance' that obviates the exhaustion requirement." *Dickerson*, 816 F.2d at 227.  Coleman must overcome the hurdles of exhaustion before requesting federal relief.  It is not enough to initiate exhaustion by filing a speedy trial motion in state court.  *Id.* at 228 (finding inmate's numerous preindictment motions in the state court requesting that he be tried as soon as possible did not satisfy exhaustion of speedy trial issue for federal habeas petition).  To satisfy the exhaustion requirement, he must present his claims to the state's highest court in a procedurally proper manner and afford that court a fair opportunity to consider them.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  But he has not done so.  Neither his speedy trial, ineffective assistance of counsel, excessive bail, or unreasonable search and seizure claims have been presented to the Mississippi Supreme Court for consideration.  *See Hillie v. Webster*, No. 4:17CV184-DMB-RP, 2019 WL 1304256, at *4 (N.D. Miss. Jan. 4, 2019), *report and recommendation adopted,* No. 4:17-CV-184-DMB-RP, 2019 WL 1301969 (N.D. Miss. Mar. 21, 2019) (noting that petitioner did not seek a remedial writ under Miss. Code Ann. § 9-1-19 in the Mississippi appellate courts and finding that petitioner failed to exhaust his state court remedies).  Until such time, his claims are unexhausted.

For these reasons, the undersigned recommends that the instant petition for a writ of habeas corpus be dismissed for failure to state a claim upon which relief can be granted and for failure to exhaust state remedies.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Under Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation. Within 7 days of the service of the objection, the opposing party must either serve file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, will bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on June 28, 2024.

s/ LaKeysha Greer Isaac<br>
UNITED STATES MAGISTRATE JUDGE